IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 14 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

JOEY WEISS AND
MARC C. WEISS                                                              PLAINTIFFS

V.                                        CIVIL ACTION NO.: 3:14cv310 WHB-RHW

LOCKHEED MARTIN CORPORATION                                                DEFENDANT

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COME NOW** the Plaintiffs, Joey D. Weiss and Marc C. Weiss, by and through their counsel, Louis H. Watson, Jr., and files this action to recover damages for violations of their rights under Title VII of the Civil Rights Act of 1964, as amended, and the Americans With Disabilities Act of 1990, as amended (ADA), against the Defendant, Lockheed Martin Corporation. In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

**PARTIES**

1.      The Plaintiff, Joey Weiss, is an adult female who is a former resident of Hinds County, who resided at 502 Grand Oak Boulevard, Clinton, Mississippi. Between October 15, 2008 and April 8, 2011, Plantiff Joey Weiss, was a female "employee" at Lockheed Martin Corporation, as defined by Title VII, and the ADA.

2.      The Plaintiff, Marc C. Weiss, is an adult male who is a former resident of Hinds County, who resided at 502 Grand Oak Boulevard, Clinton, Mississippi. Between November, 2011 and April 5, 2013, Plaintiff, Joey Weiss was a male "employee" at Lockheed Martin Corporation, as defined by Title VII.

3. Defendant, Lockheed Martin Corporation is incorporated in the State of Maryland and licensed to do business in the State of Mississippi. Lockheed Martin is a global defense, security, aerospace, and advanced information technology company. Defendant, Lockheed Martin may be served with process through its registered agent, CSC of Rankin County, Inc., Mirror Lake Plaza, 2829 Lakeland Drive #1502, Flowood, Mississippi 39232.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction and venue is proper pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(f), *et seq.*, as amended.

5. Plaintiff, Joey Weiss, timely filed a charge of Discrimination with the EEOC, a true and correct copy of which is attached hereto as Exhibit "A." The EEOC, issued a Notice of Right to Sue on January 14, 2014, a true and correct copy of which is attached hereto as Exhibit "B."

6. Plaintiff, Marc C. Weiss, timely filed a charge of Discrimination with the EEOC, a true and correct copy of which is attached hereto as Exhibit "C." The EEOC, issued a Notice of Right to Sue on January 14, 2014, a true and correct copy of which is attached hereto as Exhibit "D."

## STATEMENT OF THE FACTS:

### A. PLAINTIFF, JOEY WEISS'S FACTUAL ALLEGATIONS

7. Plaintiff has hired by the Defendant in October 2008 as Technical Support Help Desk Specialist.

8. Plaintiff has a disability, degenerative disc disease, which prevents Plaintiff from sitting for extended periods of time. Plaintiff told management staff about her disability upon being hired.

9. On March 26, 2013, Plaintiff had a doctor's appointment resulting in Plaintiff having

to take a leave of absence (LOA). Plaintiff's LOA was for medical issues and Plaintiff's husband's was for providing care to his spouse.

10. On April 5, 2013, Plaintiff's husband returned to work and was called into the conference room where Ms. White, Billy Newson, and Plaintiff's manager by phone were waiting to meet with him. At that time, Defendant discharged Plaintiff's husband.

11. After being back at work from taking FMLA/MLOA, Plaintiff received a phone call at home from her manager, Joe Andrews and Human Resource representative, Michelle Purcell. Mr. Andrews and Ms. Purcell informed Plaintiff that she was being discharged. The Defendant replaced Plaintiff with a male.

12. On month prior to Plaintiff's termination, Plaintiff received the companies highest performance appraisal with a $4,000 annual increase in salary. This appraisal included a 100 percent accuracy rating for time and attendance reporting.

13. On January 1, 2013, Plaintiff's husband made a verbal complaint regarding racial harassment towards him from a black female employee, Deborah White. On February 12, 2013, Plaintiff's husband filed an official complaint with Human Resources and Ethics via mail regarding repeated racial discrimination from Ms. White. As a result, Defendant terminated Plaintiff's husband on April 4, 2013.

14. As such, Defendant has unlawfully discriminated against Plaintiff because of her race (white) and gender (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Defendant has unlawfully retaliated against Plaintiff because Plaintiff's husband filed the discrimination complaint against an African American female employee of the Defendant.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF TITLE VII and 42 U.S.C. § 1981 - RACE DISCRIMINATION

15. Plaintiff incorporates the above paragraphs 1 through 14 as though specifically set forth herein and alleges as follows:

16. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her race.

17. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

18. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

19. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT TWO: VIOLATIONS OF TITLE VII and 42 U.S.C. § 1981 - RETALIATION

20. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 19.

21. The Defendant unlawfully retaliated against Plaintiff because Plaintiff's husband filed the discrimination complaint against an African American female employee of the Defendant.

22. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

23. The acts of the Defendant constitute a willful intentional violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT THREE: VIOLATION OF THE ADA

24. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25. The Defendant violated the ADA by terminating Plaintiff's employment in response to her disability and/or perceived disability.

26. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

27. As a direct and proximate result of Defendant's violation, Plaintiff suffered and continues to suffer lost earnings and benefits, emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, and inconvenience.

### COUNT FOUR: VIOLATIONS OF TITLE VII - SEX DISCRIMINATION

28. Plaintiff incorporates the above paragraphs 1 through 27 as though specifically set forth herein and alleges as follows:

29. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her gender.

30. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

31. Plaintiff has been harmed as a result of the Defendant's discrimination and the sexually hostile work environment, and the Defendant is liable to the Plaintiff for the same.

32.     The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages.

### B.     PLAINTIFF, MARC C. WEISS'S FACTUAL ALLEGATIONS

33.     Plaintiff, Marc C. Weiss, was employed by Defendant in May, 2008.

34.     On January 1, 2013, Plaintiff made a complaint by email and verbally regarding Deborah White's unprofessional behavior and treatment of Plaintiff and Plaintiff's fellow Caucasian employees. Plaintiff was subjected to racially derogatory name calling from Ms. White.

35.     On February 2, 2013, Plaintiff filed an official and 2nd complaint with the Human Resource department and Ethics regarding the unresolved first issue and a repeated instance of discrimination.

36.     On March 7, 2013, Plaintiff's son, Dylan Weiss, who also worked with the Defendant in Ms. White's program was terminated. The reason given was attendance issues. However, Dylan's review approximately two months earlier was a solid and positive performance review. As a result, Plaintiff filed an official retaliation and discrimination claim via email again. One week went by and there was no response. Plaintiff resent the complaint on March 14, 2013 and this time Plaintiff received an acknowledgment response.

37.     On March 25, 2013, Plaintiff received a phone call at 11:00 p.m. from Saif Zafar, who was Plaintiff's Manager, advising Plaintiff that he and his wife's manager were in Clinton, Mississippi. Mr. Zafar told Plaintiff that he had been sent here to fire him and his wife. Mr. Zafar then told Plaintiff that he and his wife were being railroaded because he filed the discrimination complaints. Mr. Zafar advised Plaintiff that he and his wife should go back out on on leave to have time to prepare and get some things together.

38. On March 26, 2013, Plaintiff went to work as usual expecting to see his manager. After a few hours, Plaintiff sent an email to his manager letting him know that he would be leaving to take his wife to the doctor which resulted in Plaintiff and his wife taking a leave of absence. Plaintiff's LOA was for providing care to his spouse.

39. On April 5, 2013, Plaintiff's returned to work and was called into the conference room where Billy Newson, Ms. White's manager, Michelle Purcell, Human Resource representative, and Mr. Zafar present by phone, were waiting to meet with him. At that time, Defendant informed Plaintiff that he was being terminated.

40. As such, Defendant has unlawfully discriminated against Plaintiff because of his race (white) in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Defendant has unlawfully retaliated against Plaintiff because he filed the discrimination complaint against Ms. White, an African American female employee of the Defendant.

## COUNT ONE: VIOLATIONS OF TITLE VII - RACE DISCRIMINATION

41. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 40.

42. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his race.

43. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

44. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

45. The acts of the Defendant constitute a willful intentional violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT TWO: VIOLATIONS OF TITLE VII and 42 U.S.C. § 1981 - RETALIATION

46. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 45.

47. The Defendant unlawfully retaliated against Plaintiff because Plaintiff's filed the discrimination complaint against Ms. White, an African American female employee of the Defendant.

48. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

49. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which they may be properly entitled.

THIS the 14th day of April, 2014.

Respectfully submitted,

JOEY WEISS AND MARC C. WEISS, PLAINTIFF
By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
628 North State Street
Jackson, Mississippi 39202
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com